LUNA SUTTON, Respondent, *v.* ELI L. SANDLER et al., Appellants.

First Department, April 23, 1963.

*Alexander Pfeiffer* of counsel (*Pfeiffer & Crames,* attorneys), for appellants.

*Clarence S. Barasch* for respondent.

STEUER, J. The complaint alleges that plaintiff had entered into a contract in writing with the Republic of Haiti by the terms of which the latter agreed to sell and plaintiff agreed to buy the premises known as 329 Fifth Avenue for the sum of $240,000. The date of closing provided in the contract, September 9, 1959, was extended to October 7, 1959. Prior to the closing plaintiff offered the premises for sale to the defendants. Defendants orally agreed to buy the same for $278,000 immediately upon

plaintiff's acquiring title, and further agreed to provide plaintiff with the money necessary to complete her contract with the seller. It is further alleged that when defendants made this oral agreement they knew that plaintiff had other offers in regard to the property, at $268,000, a price less than defendants' offer but in excess of what plaintiff had agreed to pay, and they further knew that the closing date of October 7 was final. It is further alleged that these statements were false in that defendants never intended to buy the property from plaintiff nor to advance her the necessary money, but made the statements so that plaintiff would not proceed with other negotiations and so would not be able to make payment on the closing date. Plaintiff did so rely on defendants' representations and, upon defendants' refusal to supply the funds, had to forfeit her contract on the closing date. Defendants thereupon purchased the property from the owner for $243,000. Plaintiff further alleges that these facts make defendants constructive trustees for the plaintiff and she seeks to impress a trust on the property for her benefit.

Special Term has denied defendants' motion for summary judgment on the ground that issues of fact are presented. However, we are all agreed that no case for a constructive trust is pleaded, nor is there one made out, even prima facie, in the affidavits in opposition to the motion. An equitable trust can be enforced on land only where in equity and good conscience the land should be conveyed to the plaintiff. Where an oral contract is involved, factors in addition to the breach must be present in order to establish that good conscience would mandate the relief. Such factors would be a confidential relationship (*Wood* v. *Rabe*, 96 N. Y. 414; *Sinclair* v. *Purdy*, 235 N. Y. 245). There are other grounds (see Restatement, Restitution, § 160). But in all of these situations it is essential to show that had the agreement between the parties been carried out or had the defendant acted in good conscience the property would have been conveyed to plaintiff. That is not the situation here. Assuming plaintiff is entirely correct in her version of the facts, the outcome of the transaction between herself and defendants would have left them and not her with the legal title to the property. Consequently the equitable maxim that equity regards as done what ought to have been done, which is the maxim on which the relief is predicated, has no application. In no case has it been held that the imposition of a trust is allowable as a substitute for damages or as a means of collecting them.

This is not to say that plaintiff has no cause of action at all. Various forms of relief suggest themselves and we are not called upon to decide for plaintiff which she will find it advisable to

pursue. Suffice it to say that we see in the facts stated possible causes of action.

The order denying summary judgment should be reversed, on the law, with costs, and the motion granted without prejudice to plaintiff's commencing a new action.

·RABIN, J. P., McNALLY, STEVENS and EAGER, JJ., concur.

Order, entered on August 1, 1962, denying summary judgment unanimously reversed, on the law, with $20 costs and disbursements to appellants, and the motion granted, with $10 costs, without prejudice to plaintiff's commencing a new action.